IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**MAURICE WILLIAMS CARR, SR.**                                                                   **PLAINTIFF**

**V.**                                                  **NO. 4:14-CV-00027-DMB-JMV**

**MILTON GASTON, Sheriff; PERCY
MILES, Major; MARY L PIPPINS,
Warden; CHIEF WILLIAM CLAY; LT.
DARREN ADDISON**                                                              **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

Maurice Williams Carr, Sr., proceeding *pro se* and *in forma pauperis*, filed suit under 42 U.S.C. § 1983 alleging that Defendants subjected him to conditions of confinement constituting cruel and unusual punishment. Defendants have moved for summary judgment. Doc. #35. Having reviewed the submissions and arguments of the parties, as well as the applicable law, the Court finds that Defendants' motion should be granted.

**I**
**Background and Procedural History**

On July 30, 2013, Carr was admitted to the Washington County Regional Correctional Facility ("WCRCF") as a pretrial detainee. On or about February 26, 2014, Carr filed suit against Sheriff Milton Gaston, Major Percy Miles, and Warden Brian K. Payne (hereinafter "Defendants"), claiming that they violated his Eighth Amendment rights by denying him adequate clothing and hygienic materials while he was housed at WCRCF.[1] Defendants have moved for summary judgment, arguing that Carr has failed to state a constitutional claim, and that he failed to exhaust his available administrative remedies prior to filing this action. Despite being provided an opportunity to do so, Carr has not responded to Defendants' motion.

---

[1] Carr initially presented additional claims against these and other individuals, but the additional claims and other defendants were dismissed following a hearing held pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985). *See* Docs. #10, #11, and #17.

## II
### Summary Judgment Standard

Summary judgment is proper only when the pleadings and evidence, viewed in a light most favorable to the nonmoving party, illustrate that no genuine issue of material fact exists and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a),(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). A fact is deemed "material" if "its resolution in favor of one party might affect the outcome of the lawsuit under governing law." *Sossamon v. Lone Star State of Texas*, 560 F.3d 316, 326 (5th Cir. 2009) (citation omitted). Once the motion is properly supported with competent evidence, the nonmovant must show that summary judgment is inappropriate. *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998); *see also Celotex*, 477 U.S. at 323. The nonmovant cannot rely upon "conclusory allegations, speculation, and unsubstantiated assertions" to satisfy his burden, but rather, must set forth specific facts showing the existence of a genuine issue as to every essential element of his claim. *Ramsey v. Henderson*, 286 F.3d 264, 269 (5th Cir. 2002) (citation omitted); *Morris*, 144 F.3d at 380.

Because Carr is proceeding *pro se*, his pleadings are construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

## III
### Discussion

**A. Conditions of Confinement**

Carr claims that, upon his arrival at WCRCF in July 2013, he had to wait several days to obtain a mat, toothpaste, towels, and clothes. Carr alleged at the time of his *Spears* hearing that he had not been provided toilet paper for two weeks prior to the hearing, although he admitted that, through rationing, he had not yet exhausted his supply of toilet paper. He also complained that WCRCF refused to provide inmates with deodorant. Defendants maintain that Carr's allegations fail to state a constitutional claim under § 1983, as he has not demonstrated a

2

sufficiently serious deprivation of a minimum of life's necessities, and he has not alleged that Defendants acted with the requisite deliberate indifference to Carr's health and/or safety.

The prohibition against cruel and unusual punishment under the Eighth Amendment "imposes minimum requirements on prison officials in the treatment received by and facilities available to prisoners." *Woods v. Edwards*, 51 F.3d 577, 581 (5th Cir. 1995). Jails must provide inmates with "humane conditions of confinement," which include adequate clothing and "basic elements of hygiene." *Palmer v. Johnson*, 193 F.3d 346, 351–52 (5th Cir. 1999). To demonstrate a constitutional violation due to the conditions of confinement, a prisoner must show (1) the alleged deprivation was "objectively, sufficiently serious," such as would "result in the denial of the minimal civilized measure of life's necessities," and that (2) the responsible prison official acted with deliberate indifference to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal quotation marks omitted).[2]

According to Major Percy Miles, the Assistant Chief of the Washington County Sheriff's Department, an inmate entering WCRCF who is expected to be confined there longer than forty-eight hours is issued an intake package containing clothing and hygiene supplies. Doc. #35-2 at ¶¶ 7–9. This package includes: two t-shirts, two pairs of boxers, two pairs of socks, one-half of a bar of soap, one full roll of toilet paper, one tube of toothpaste, and one small toothbrush. *Id*. The initial hygiene supply is supplemented with one-half of a bar of soap and one full roll of toilet paper each week. *Id*. at ¶ 9. Defendant Miles also states that WCRCF has a policy of issuing additional clothing to inmates upon inmate request, preferring that the offender use an MDOC Offender Clothing Request and Issue Form to make their requests. *Id*. at ¶ 8.

Defendants have produced Carr's intake form, dated July 30, 2013. Doc. #35-3 at Ex. A. Carr's intake form shows that he received the following items the day he entered WCRCF: one

---

[2] The Court notes that, although Carr was a pretrial detainee at the time he initiated this action and was, therefore, protected by the due process guarantees of the Fourteenth Amendment rather than the provisions of the Eighth Amendment, *see Hare v. City of Corinth*, 74 F.3d 633, 639 (5th Cir. 1996), the same standards apply under both amendments when considering issues of basic human needs. *See Gibbs v. Grimmette*, 254 F.3d 545, 548 (5th Cir. 2001).

3

face towel, one body towel, one half-bar of soap, one full roll of toilet paper, one small toothbrush, one twin blanket, and one twin sheet. *Id.* Also before the Court is an "MDOC Offender Clothing Request and Issue Form," which shows that Carr utilized the procedure outlined by Defendant Miles to obtain additional clothing from the facility on March 19, 2014. *Id.*[3] The evidence produced by Defendants demonstrates that Carr was provided basic hygienic and clothing supplies upon his entry into the facility, that he was able to access additional clothing, and that his supply of toilet paper and soap is supplemented weekly. His allegation that he has not been provided enough items, or that the items were not provided quickly enough, does not state a constitutional claim under these facts. *See, e.g., Johnson v. Texas Bd. of Criminal Justice*, 281 Fed. App'x 319, 322 (5th Cir. 2008) (holding that inmate who was provided daily change of clothes, even if those clothes were allegedly unclean, did not state a violation of his Eighth Amendment rights where he was provided with soap and allowed to shower daily); *see also Thomas v. Owens*, 345 Fed. App'x 892, 895 (5th Cir. 2009) (finding prisoner's claimed deprivation of toilet paper, toothbrush, clothing, sheets, and eating utensils "for days" without merit under Eighth Amendment).

Accordingly, the Court finds that, in light of the competent summary judgment evidence, Carr's allegations do not constitute sufficiently serious deprivations of the minimal measures of life's necessities. Moreover, Carr has not alleged that the alleged deprivations were due to the deliberate indifference of any Defendant. He has, therefore, failed to demonstrate a cognizable constitutional violation under § 1983, and Defendants are entitled to summary judgment.

**B. Exhaustion of Administrative Remedies**

Defendants additionally maintain that Carr failed to exhaust his administrative remedies prior to filing the instant action, which makes dismissal of this lawsuit mandatory. Because Carr was incarcerated at the time he filed this § 1983 action, the Prison Litigation Reform Act

---

[3] The Court notes that the documents provided by Defendants reflect that Carr used the same procedure on June 11, 2013, during an earlier stay at the facility to obtain additional clothing. Doc. #35-3 at Ex. A.

("PLRA") applies to this case. *See* 28 U.S.C. § 1915(g). The PLRA requires prisoners to exhaust any available administrative remedies before filing suit under 42 U.S.C. § 1983. *See* 42 U.S.C. § 1997e(a); *Gonzalez v. Seal*, 702 F.3d 785 (5th Cir. 2012). There is no futility exception to the exhaustion requirement, and an inmate must exhaust even where the relief sought is unavailable through the administrative process. *See Booth v. Churner*, 532 U.S. 731, 739–41 & n.6 (2001); *Woodford v. Ngo*, 548 U.S. 81, 83-84 (2006). As failure to exhaust is an affirmative defense, the burden of proving that failure is on a defendant in a PLRA case. *See Jones v. Bock*, 549 U.S. 199, 216 (2007).

Carr maintains that he spoke with Major Percy Miles and Mary L, Pippins, the former Warden of WCRCF, concerning his lack of hygiene items prior to filing the instant action. Doc. #1 at 3. He claims that he followed the facility's grievance procedure by filing a formal grievance on January 13, 2014, and that he subsequently sent Defendants a "Good Faith Correspondence" letter. *Id*. He contends that he received no response from Defendants. *Id*.

Defendants maintain that there is a specific grievance procedure employed at WCRCF, which requires an inmate to fill out a grievance form, provided by the facility, when he wishes to bring a complaint to the attention of the staff. Doc. #35-3 at ¶¶ 4–5. The grievance form must then be submitted by placing it in the designated box inside the facility, which inmates have access to when they are not locked in their cells. *Id*. at ¶ 4. Once a day, Daphne Gallion, the Inmate Services Coordinator for WCRCF, collects all the grievances in the box, photocopies them, stamps the photocopy with the word "Copy," and places the original in the inmate's file. *Id*. at ¶ 5. Ms. Gallion then forwards the copies of the grievance to the Warden and any individual named within the document. *Id.*

Daphne Gallion has submitted an affidavit stating that no grievance form was found following a search of Carr's inmate file, indicating that he has never filed a grievance form with WCRCF. Doc. #35-3 at ¶ 6. Mary L. Pippins and Defendants Gaston and Miles have each submitted affidavits denying that they ever received a copy of a grievance from Carr concerning

5

the allegations in the instant action. Doc. #35-1 at ¶ 5; Doc. #35-2 at ¶ 5; Doc. #35-4 at ¶ 4. These individuals also deny receipt of a copy of Carr's claimed "Good Faith Correspondence Letter." Doc. #35-1 at ¶ 6; Doc. #35-2 at ¶ 6; Doc. #35-4 at ¶ 5.

Carr has not presented the Court with any evidence to refute Defendants' allegations and proof. The Court determines that the competent evidence demonstrates that Defendants have shown that Carr failed to follow WCRCF's grievance procedure. By filing the instant action without providing Defendants with an opportunity to investigate and potentially remedy Carr's grievances, he deprived them of a fair opportunity to address his claims. Because he failed to follow the mandatory grievance procedure prior to filing the instant action, Carr's claims against Defendants should be dismissed.

## IV
## Conclusion

For the reasons herein, Defendants' motion for summary judgment, Doc. #35, is **GRANTED**, and the instant action is **DISMISSED WITH PREJUDICE**. A separate judgment in accordance with this Memorandum Opinion and Order will enter today.

**SO ORDERED** this the 9th day of February, 2015.

/s/ Debra M. Brown
**UNITED STATES DISTRICT JUDGE**